NO.
12-10-00257-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

AMIE
ROCHELLE CRAWFORD,                  §                 APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

PER CURIAM

Amie Rochelle Crawford appeals
her conviction for felony theft, for which she was sentenced to imprisonment
for twenty months.  Appellant’s counsel filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the
appeal.

 

Background

Appellant
was charged by indictment with felony theft and pleaded “guilty.”  The trial
court found Appellant “guilty” as charged and sentenced her to imprisonment for
twenty months.  This appeal followed. 

 

Analysis
Pursuant to Anders v. California

Appellant=s counsel filed a brief in compliance with Anders
v. California and Gainous v. State.  Appellant=s counsel states that he has diligently reviewed the
appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated.  He
further relates that he is well acquainted with the facts in this case.  In
compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.]
1978), Appellant=s brief presents a chronological
summation of the procedural history of the case and further states that
Appellant=s counsel is unable to raise any
arguable issues for appeal.[1]  We have likewise reviewed the
record for reversible error and have found none.

 

Conclusion

As
required by Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991), Appellant=s counsel has moved for leave to
withdraw.  See also In re Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008) (orig. proceeding).  Appellant subsequently filed an objection
to counsel’s motion for leave to withdraw.  We carried the motion for
consideration with the merits.  Having done so and finding no reversible error,
Appellant’s objection to her counsel’s motion for leave to withdraw is overruled,
Appellant=s counsel=s motion for leave to withdraw is hereby granted,
and the appeal is dismissed.

As a result of our disposition of this case,
Appellant’s counsel has a duty to, within five days of the date of this
opinion, send a copy of the opinion and judgment to Appellant and advise her of
her right to file a petition for discretionary review. See Tex. R. App.  P. 48.4; In re
Schulman, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review
of this case by the Texas Court of Criminal Appeals, she must either retain an
attorney to file a petition for discretionary review on her behalf or she must
file a petition for discretionary review pro se.  Any petition for
discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing that was overruled by this
court.  See Tex. R. App. P. 68.2. 
Any petition for discretionary review must be filed with this court, after
which it will be forwarded to the Texas Court of Criminal Appeals along with
the rest of the filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for discretionary review should comply
with the requirements of Texas Rule of Appellate Procedure 68.4.  See In
re Schulman, 252 S.W.3d at 408 n.22.

Opinion delivered July 29, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.           

(DO NOT PUBLISH)

 









[1]
Counsel for Appellant states in his motion to withdraw that he provided
Appellant with a copy of this brief.  Appellant was given time to file her own
brief in this cause.  The time for filing such a brief has expired, and no pro
se brief in compliance with the Texas Rules of Appellate Procedure has been
filed.